UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 8:06-cr-161-T-23MAP

JUSTIN BROWN
_____/

**ORDER**

On June 19, 2006, the United States Probation Office filed a June 13, 2006, petition for revocation of the defendant's supervised release (Doc. 3).[*] At the hearing on July 21, 2006, Assistant Federal Public Defender Laurel Moore represented the defendant and Assistant United States Attorney Kathy Peluso represented the United States.

The defendant denies committing the Grade B violation charged in numbered paragraph one of the petition and admits committing the Grade C violations charged in numbered paragraphs three and four of the petition.  The offense described in numbered paragraph two is suspended.  The United States offered unrebutted evidence establishing clearly the defendant's guilt of the Grade B violation in paragraph one. Accordingly, the court adjudges the defendant guilty of all three fo the alleged violations of his supervised release.  In consideration of the factors specified in 18 U.S.C. § 3553(a), including applicable guidelines and policy statements issued by the United States Sentencing Commission, the defendant's term of supervised release is **REVOKED**.  The defendant is sentenced to four months of imprisonment, followed by

---

   *  The defendant having pled guilty to count one of an indictment filed in the Northern District of West Virginia, United States District Judge Frederick P. Stamp, Jr., imposed a sentence on October 14, 2003, of fifteen months of imprisonment and thirty-six months of supervised release.  On April 21, 2005, Judge Stamp revoked the defendant's supervised release and sentenced the defendant to eight months of imprisonment and twenty-eight months of supervised release.

twenty-four months of supervised release with all current conditions remaining in effect and with the addition of the following special conditions.

> The defendant shall participate in the Home Detention program for a period of  24 months  .  During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer.  Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer.  Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

> The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.  Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

> The court recommends confinement at a facility in Coleman, Florida.  The

defendant is remanded to the custody of the United States Marshal to await designation and incarceration by the Bureau of Prisons.

> ORDERED in Tampa, Florida, on July 21, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   United States Marshal
      United States Probation
      Counsel of Record